IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GRADY GIBSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-0009-MHT |
| | ) |
| RALPH HOOKS, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Grady Gibson ["Gibson"], a state inmate, on January 3, 2007. In this petition, Gibson challenges a conviction for capital murder imposed upon him by the Circuit Court of Butler County, Alabama. The respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that Gibson is entitled to no relief on the claims presented to this court.

The respondents argue that Gibson is procedurally defaulted on the majority of his claims because he did not fairly and properly present the claims to the state courts in accordance with applicable procedural rules and federal law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Duncan v. Henry*, 513 U.S. 364 (1995); *Teague v. Lane*, 489 U.S. 288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, the respondents assert that:

(i) Gibson's claim that the prosecution suppressed exculpatory evidence is procedurally defaulted because the Alabama Court of Criminal Appeals deemed this claim barred from review in petitioner's second state post-conviction petition because the claim could have been raised at trial and on appeal but was not.[1]  "The claim was raised again in Gibson's third [state post-conviction] petition, but the Court of Criminal Appeals again found it to be procedurally barred from review.  Gibson v. State, CR-04-1192 (Ala.CRim.App. Jan. 27, 2006) (Mem.op.)." *Respondents' Answer - Court Doc. No. 9* at 35; *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."). Even when a state court addresses the substantive merits of a defaulted claim in an alternative holding to its default determination, the claim remains barred from federal review.

> [A] state court need not fear reaching the merits of a federal claim in an alternative holding.  By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).  Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and

---

[1] Gibson filed three state post-conviction petitions challenging his murder conviction.  Gibson filed the first two such petitions under Rule 20, *Alabama Temporary Rules of Criminal Procedure*, the predecessor to Rule 32 of the Alabama Rules of Criminal Procedure, and filed the last state petition under Rule 32.

comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

(ii) Gibson's federal due process challenge to the trial judge's statement that he found no inconsistencies between trial testimony and grand jury testimony is procedurally defaulted because Gibson "raised this claim on direct appeal ... as a state law claim" and did not present this claim to the state courts as a violation of his "federal constitutional right to due process." *Respondents' Answer - Court Doc. No. 9* at 44.

(iii) Gibson is procedurally defaulted on his claim that he was deprived of due process under the Fifth and Fourteenth Amendments to the Constitution when the prosecutor asserted "as a matter of fact, in the presence of the jury", *Petition for Writ of Habeas Corpus* at 13, that Gibson framed a man and paid a financial settlement to this man because "[w]hen Gibson raised this claim on direct appeal, he raised it as a state law claim" and "did not allege that he was deprived of his federal constitutional right to due process." *Respondents' Answer - Court Doc. No. 9* at 59. The respondents further argue that this claim is also procedurally barred from review because the Alabama Court of Criminal Appeals on direct appeal deemed the claim defaulted because "Gibson received a favorable ruling on his objection and did not make a motion to exclude the evidence" at the appropriate time in the trial court to preserve the claim for further review. *Respondents' Answer - Court Doc. No. 9* at 63.

(iv) Gibson is procedurally defaulted on his claim that he has been deprived of due process because his conviction is based upon recanted testimony as "[t]he trial court found

3

the claim to be barred by the limitation period contained in Rule 32.2(c) of the <u>Alabama Rules of Criminal Procedure</u>.... The Court of Criminal Appeals affirmed the denial of the claim on the ground that it was barred by the limitations period. <u>Gibson v. State</u>, CR-04-1192 (Ala.Crim.App. Jan. 27, 2006)." *Respondents' Answer - Court Doc. No. 9* at 63-64.

     (v) Gibson's claim that the State deprived him of his federal due process rights by refusing to conduct tests on DNA evidence found on the victim is procedurally defaulted because he did not present the claim to the state courts "as a federal constitutional due process claim ...." and the claim "cannot now be raised in any state collateral petition." *Respondents' Answer - Court Doc. No. 9* at 65-67. The respondents further argue that although Gibson did not base his DNA claim on federal due process in the state courts, the "the Court of Criminal Appeals held that [his challenged to the denial of DNA testing] was procedurally barred because it was filed after the expiration of the two-year period of limitation applicable to his case under Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>. <u>Gibson v. State</u>, CR-04-1192 (Ala.Crim.App. Jan. 27, 2006)." *Id*. at 67.

     In support of their arguments that Gibson must have presented his claims to the state courts in the same manner that they are now raised, i.e., as federal due process claims, or be procedurally defaulted, the respondents rely on *Duncan v. Henry*, 513 U.S. 364 (1995). In *Duncan*, the Supreme Court held that "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas

4

petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." 513 U.S. at 365; *see also Picard v. Connor*, 404 U.S. 270, 275(1971) (Exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." (some internal quotation marks omitted).

The respondents further argue that the remaining claim challenging the trial court's refusal to disclose grand jury testimony of two witnesses entitles Gibson to no relief as the state courts properly adjudicated this claim on the merits. *See 28 U.S.C. § 2254(d)(1)*; *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). In support of this argument, the respondents maintain that on direct appeal "[t]he Court of Criminal Appeals reviewed the alleged conflicts in the evidence and found that the trial court reviewed the grand jury testimony and properly addressed the availability of the testimony for impeachment of the prosecution witnesses.... The Court of Criminal Appeals held that its own review of the testimony found that there were no relevant material inconsistencies in the testimony. It also found that the grand jury testimony contained no exculpatory evidence that would have affected the outcome of the trial as required under Brady v. Maryland. See Gibson v. State, 555 So.2d [784, 792 (Ala.Cr.App. 1989)]." *Respondents' Answer - Court Doc. No. 9 at 58.* They maintain that Gibson has not shown that the state

court applied Brady in a manner that was contrary to the Supreme Court's conclusion on this issue of law, and he has not shown that the state court unreasonably applied Brady to the facts of his case. Consequently, he is not entitled to any relief on this claim. Williams v. Taylor, 529 U.S. at 407, 412." *Id.* The respondents also argue that to the extent the state appellate court decided the merits of Gibson's suppression claim he is likewise entitled to no relief because he has not shown that the appellate court acted contrary to Supreme Court law or undertook an unreasonable application of federal law in addressing the merits of this claim nor that such action resulted in a decision based on an unreasonable determination of the facts. Throughout their answer, the respondents likewise argue that to the extent Gibson seeks relief on the claims raised in the state courts, such courts addressed Gibson's claims on the merits he is entitled to no relief because the state courts properly adjudicated the claims on the merits.

A procedural default bars consideration of the merits of a claim unless the petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478

(1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims only when the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 296. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624.

Accordingly, it is

ORDERED that on or before April 11, 2007 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after April 11, 2007 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts

which demonstrate that the petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that the majority of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings. The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

Done this 15th day of March, 2007.

                                /s/ Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE